STATE of Minnesota ex rel. Thomas M. CROSBY, Appellant,

v.

Frank W. WOOD, as the Warden, Minnesota State Prison, Respondent.

No. 47759.

Supreme Court of Minnesota.

March 10, 1978.

Thomas M. Crosby, pro se.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Joseph B. Marshall, Spec. Asst. Atty. Gen., St. Paul, for respondent.

PER CURIAM.

Petitioner, who is incarcerated at the State Prison pursuant to a 1973 conviction for aggravated sodomy, aggravated assault, and indecent liberties, appeals pro se from an order of the district court summarily denying his pro se petitions for habeas corpus relief. There are three petitions in all. In one, petitioner charges that he was severely and unjustifiably beaten by prison guards in violation of his Eighth Amendment right against being subjected to cruel and unusual punishment; in another, petitioner challenges the legality of his transfer from the state security hospital to the State Prison; and in the third, petitioner contends that he is not receiving three hot meals a day. Apparently petitioner has abandoned the last contention on appeal.

Petitioner continues to advance the first two of these claims on appeal and contends that we should reverse the district court's order and remand for an evidentiary hearing. We affirm.

The issue of whether and under what circumstances habeas corpus is available in Minnesota to test a claim by a prisoner that the conditions of his confinement amount to cruel and unusual punishment was decided by this court in *State ex rel. Cole v. Tahash,* 269 Minn. 1, 8, 129 N.W.2d 903, 907 (1964), in which we stated as follows:

" * * * [O]ne confined in a state institution is entitled to a hearing upon a petition for a writ of habeas corpus if his petition is supported by a prima facie showing of a course of cruel and unusual treatment occurring at a time and place and under circumstances giving rise to the inference that the treatment will continue or be repeated in the absence of judicial intervention. The minimal requisites of such a showing should include a verified statement detailing: (a) The facts respecting the treatment claimed to be cruel and unusual; (b) the time and place of such treatment; and (c) the identity of the person or persons considered responsible for it."

In the instant case the petition referred to a single beating allegedly unjustifiably administered to petitioner by prison guards on July 10, 1976, but it does not suggest in any way that the alleged beating was part of a course of mistreatment or that such a beating is likely to recur. Under the circumstances, even if it were true that petitioner was mistreated on July 10, 1976, he would not be entitled to habeas corpus relief because, as the *Cole* case makes clear, habeas corpus is available as a remedy in cases of mistreatment only if it appears that the mistreatment will be continued or repeated if relief is not afforded.[1]

The allegation that petitioner was illegally transferred from the security hospital to the State Prison raises the issue of whether habeas corpus is available as a remedy for conditions of confinement which abridge interests protected by statute rather than by the constitution. Some courts have held that it is. See, e. g., *In re Harrell,* 2 Cal.3d 675, 87 Cal.Rptr. 504, 470 P.2d 640 (1970). But we need not decide the issue because the petition fails to present even a minimal showing that the appropriate procedures—see, Minn.St. 241.07—were not followed.

Although the district court encouraged petitioner to seek legal assistance in preparing his petition, petitioner prepared all three petitions himself and he also has acted as his own attorney on appeal. Even giving the petitions a liberal construction, we do not believe petitioner has made the prima facie showing necessary to warrant an evidentiary hearing on his claims. If petitioner remains convinced that some conditions of his confinement are illegal, he is advised to· obtain legal assistance in presenting his claims and seeking the appropriate form of relief.

Affirmed.

---

1. In this case the district court, before deciding to deny the petition alleging cruel and unusual punishment, ordered the ombudsman for corrections to inquire into whether there was any basis for petitioner's allegation. The ombudsman reported back to the court that there was no basis to the allegation and that in fact petitioner had unjustifiably assaulted some guards, who had merely responded by doing what was necessary to subdue petitioner. We believe that lower courts should not rely solely on such investigations before determining whether to grant a hearing. The test for determining whether to grant a petitioner a hearing should be whether the allegations in the petition, if true, would justify granting petitioner relief.