**Dwight W. KELSEY, petitioner, Appellant,**

v.

**STATE of Minnesota, State ex rel. Robert ERICKSON, Warden, etc., Respondent.**

**No. 81–1154.**

Supreme Court of Minnesota.

June 11, 1982.

Dwight W. Kelsey, pro se.

Warren Spannaus, Atty. Gen., Richard Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondent.

KELLEY, Justice.

This is a pro se appeal from an order of the Washington County District Court denying, after hearing, three pro se petitions for a writ of habeas corpus filed by petitioner, who is serving a 20-year prison term for attempted first-degree murder.[1] We affirm.

Petitioner's main contention is that he has been and is being mistreated and that this mistreatment amounts to cruel and unusual punishment entitling him to habeas corpus. Habeas corpus would be an appropriate remedy if petitioner could establish present and continuing mistreatment amounting to cruel and unusual punishment. *State ex rel. Crosby v. Wood*, 265 N.W.2d 638 (Minn.1978). Our examination of the record satisfies us that the district court properly concluded that petitioner failed to establish this. Indeed, the record contains evidence that petitioner has been receiving adequate treatment, medical and otherwise. Moreover, he has resisted working because of his physical complaints.

Petitioner also contends that the recent amendment to the Postconviction Remedy Act allowing persons convicted of offenses occurring before May 1, 1980, to petition for resentencing according to the Minnesota Sentencing Guidelines[2] is an ex post facto law because it could result in an increase in his sentence. He similarly contends that the 1980 amendment to Minn. Stat. § 243.18—see Act of March 31, 1980,

1. Petitioner has sought relief in this court and in other courts on a number of previous occasions, many of them summarized in *Kelsey v. State*, 283 N.W.2d 892, 893, n.1 (Minn.1979).

2. Act of June 1, 1981, c. 366, § 1, 1981 Minn. Laws 2355, 2356. That amendment allows for

resentencing according to the Guidelines if the petitioner can establish that his early release under the sentence would not present a danger to the public and would not be incompatible with the welfare of society.

c. 417, § 10, 1980 Minn.Laws, 155, 156—is an ex post facto law because although it increases the rate at which good time may be earned to 1 day for every 2 days of good behavior, it also implicitly increases the rate at which previously earned good time credit may be lost. Petitioner made similar claims in a petition for habeas corpus filed originally in this court, a petition which we denied on October 9, 1981, on the ground that it should have been filed in the district court. Petitioner has not established that his sentence was increased as a result of the 1981 amendment or that he has lost previously earned good time credits at an accelerated rate under the 1980 amendment, and therefore petitioner has no standing to raise these issues. However, we note that the state in its brief concedes that in its opinion the 1981 amendment may not be used to increase a sentence and that the 1980 amendment did not affect the ability of the Commissioner of Corrections to take away previously earned good time credit.

The district court's order did not address petitioner's claim that petitioner had been wrongly denied credit for time spent in jail while awaiting disposition of the charge for which he is now imprisoned. The state does not deny that petitioner is entitled to have jail time credited against his prison term, *State v. Hardimon*, 310 N.W.2d 564 (Minn.1981). Petitioner is entitled to have jail time while awaiting disposition of charges against him credited against his prison term. If there is any dispute concerning the duration of such a credit, presumably that can be resolved administratively.

Petitioner's other arguments do not merit discussion.

Affirmed.