Dwight W. KELSEY, Appellant,

v.

STATE of Minnesota, ex rel. Robert ERICKSON, Warden, Respondent.

No. C3–83–1660.

Court of Appeals of Minnesota.

June 19, 1984.

Dwight W. Kelsey, pro se.

Hubert H. Humphrey, III, Atty. Gen., Richard L. Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, Robert W. Kelly, County Atty., Stillwater, for respondent.

Considered and decided by POPOVICH, C.J., SEDGWICK and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This appeal is from a trial court order denying an evidentiary hearing to appellant on his petition for a writ of habeas corpus. Since 1971 appellant has been imprisoned at the State Correctional Facility, Stillwater, Minnesota. He claims conditions at the place of his confinement abridge his Eighth Amendment right against being subjected to cruel and unusual punishment.

The trial court decided appellant was not entitled to relief, denying him a writ and an evidentiary hearing on his petition.

We affirm.

## ANALYSIS

Appellant's petition recites prison conditions which he believes are unconstitutional. The question whether cruel and unusual punishment occurs may be litigated in habeas corpus proceedings. *State ex rel. Cole v. Tahash,* 269 Minn. 1, 129 N.W.2d 903 (1964).

Appellant's claims are founded on observations over a period between February and July 1983. One is trivial, dealing with a stolen dessert. Others are mere generalizations, complaints that guards discriminate in giving favors or imposing "special rules" not in the institution rule

book. These complaints have no substantial bearing on a claim of cruel treatment.

Much of what appellant reports deals with his belief that guards failed to enforce rules against assault and disorderly conduct. He recites four incidents of slapping, grabbing, pushing, and threatening, all allegedly seen and ignored by guards, but all upon inmates other than appellant. These complaints are unrelated to appellant's conditions of confinement and they are not a basis for his requested relief.

The heart of appellant's petition deals with an accusation that he is being subjected to "stress, humiliation and degradation by guards and by inmates the guards "use." This complaint relates to events which have followed appellant's protests about control of inmates who he says spit on the floors in the dining hall and in cellblocks. His protests inspired a threat or threats of other inmates, prompting prison officials to place him in a protective custody unit. Even upon a liberal construction of appellant's statements, this complaint fails to support a claim that he has been hurt by degradation or otherwise. It appears the officials have had difficulty managing a poor relationship between appellant and other inmates, and they have proceeded to protect appellant. Looking at a primary complaint, the occurrence of uncontrolled spitting by inmates, we cannot agree that the problem rises to a level of cruelty permitting relief on constitutional grounds.

Appellant asks, alternatively, that he be given habeas corpus relief on statutory rights. It remains unsettled whether habeas corpus relief can be given on conditions which offend rights protected by statute. See *State ex rel. Crosby v. Wood*, Minn., 265 N.W.2d 638 (1978). The issue need not be decided here, because there are no statutes relating to complaints of appellant.

### DECISION

Appellant's petition for a writ of habeas corpus fails to make a prima facie showing of cruel or unusual conditions of confinement. An evidentiary hearing on the petition is not warranted.

Affirmed.